IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| UNITED STATES OF AMERICA | * |  |
|---|---|---|
|  | * |  |
| V. | * | CASE NO. 4:17CR00122-01 SWW |
|  | * |  |
| DAVID HARRIS | * |  |

# ORDER

Before the Court is Defendant David Harris's motion for early termination of supervised release [ECF No. 26] and the United States' response in opposition [ECF No. 30]. After careful consideration, and for reasons that follow, the motion is denied.

In August 2008, a jury in the Eastern District of Wisconsin convicted Harris of possession with intent to distribute 500 grams or more of cocaine, and on November 21, 2001, United States District Judge Rudolph T. Randa imposed a mandatory minimum sentence of 120 months' imprisonment, followed by 8 years of supervised release. Harris appealed his conviction, and the Seventh Circuit affirmed. *United States v. Harris*, 585 F.3d 394, 397 (7th Cir. 2009). Harris subsequently moved to vacate or correct his sentence pursuant to 28 U.S.C. § 2255, Judge Randa denied relief, and the Seventh Circuit denied a certificate of appealability. *Harris v. United States*, No. 10-cv-445 RTR, ECF Nos. 12, 30 (E.D.

1

Wis.).  Harris has now served his term of imprisonment, and he began serving his term of supervised relief on March 31, 2017.  On June 1, 2017, the Eastern District of Wisconsin transferred jurisdiction of Harris's supervised release to this Court.

In support of his motion for early termination of supervised release, Harris provides documentation that a 2003 Arkansas drug conviction, which he asserts triggered the mandatory minimum sentence in his case,[1] was finally sealed and dismissed or expunged on April 27, 2018.  Harris also states that the conditions of his supervised release, which require that he obtain permission to travel, curb his volunteerism efforts.  Noting the seriousness of Harris's offense and lack of exceptional circumstances warranting the relief requested, the United States objects to the early termination of Harris's supervised release.

A district court may terminate supervised release after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C.

---

[1] It is far from clear that expungement of Harris's 2003 Arkansas drug conviction is a relevant to his present motion.  At the time of sentencing, the Arkansas conviction was valid.  Additionally, in denying Harris's motion to vacate or correct his sentence, Judge Randa noted that the superseding information alleged a second prior drug conviction that alone would have triggered a mandatory minimum sentence. *Harris v. United States*, No. 2:10-cv-00445-RTR, Doc. 12, at 1-2 (E.D. Wis.).

§ 3583(e)(1). Although it appears that Harris has thus far complied with the terms of his supervised release, compliance is expected, and the Court is not satisfied that early termination in this case is warranted or would serve the interest of justice.

IT IS THEREFORE ORDERED that Defendant's motion for early termination of supervised release [ECF No. 26] is DENIED.

IT IS SO ORDERED, this 7th day of June, 2021.

<u>Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE